**IN THE COURT OF APPEALS OF IOWA**

No. 15-0835
Filed September 23, 2015

**IN THE INTEREST OF C.E. and J.E.,**
        **Minor Children,**

**C.E., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Appanoose County, William S. Owens, District Associate Judge.


A mother appeals from the order terminating her parental rights to two of her children. **AFFIRMED.**


Robert F. Bozwell Jr., of Bozwell Law Office, Centerville, for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, and Susan C. Daniels, County Attorney, for appellee.

Debra George of Griffing & George Law Firm, P.L.C., Centerville, attorney and guardian ad litem for minor children.


Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**MCDONALD, Judge.**

The mother appeals an order terminating her parental rights to her children C.E. and J.E.  The district court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(f) (2013), as to C.E., and section 232.116(1)(h), as to J.E.  The mother argues there is not clear and convincing evidence the children could not be returned to her care at the time of hearing.  She also states, without any explanation, termination of her rights is not in the children's best interests.  Our review is de novo.  *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).

We can add little to what is set forth in the juvenile court's findings of fact, conclusions of law, and termination order.  In sum, the mother has demonstrated no genuine interest in her children.  The two children were removed from the mother's care in October 2013, due to unsafe and unsanitary living conditions in the home, including the presence of a known sex abuser residing in the home, the presence of drugs in the home, and trash throughout the home.  Throughout the course of this proceeding, the mother was offered numerous services but did not take advantage of them.  She failed to secure stable and suitable housing, moving four times over the course of a year.  At the time of trial, she had no residence suitable for the children.  She went months at a time without exercising any visitation with the children.  When the mother did exercise visitation, the mother frequently napped, spent time on her phone speaking to her latest paramour or checking Facebook, or otherwise ignored the children.  At the time of the termination hearing, the children had been removed from the mother's care

for approximately eighteen months, but the mother had never exercised unsupervised visitation with them. The mother failed to address her substance abuse and mental health needs. She continued to associate with known drug users. In December 2014, the mother gave birth to a third child (not at issue in this proceeding), who tested positive for amphetamine. The mother told her service provider she has little bond with C.E., the older child, and no bond with J.E., the younger child, because the younger child was removed at such an early age. The State's evidence was unrebutted at trial; the mother did not testify on her own behalf.

On de novo review, we conclude there is clear and convincing evidence supporting the statutory ground authorizing termination of the mother's parental rights; there is clear and convincing evidence termination of the mother's rights is in the best interest of the children; and there is no countervailing consideration precluding termination. *See* Iowa Code § 232.116(1)-(3); *see In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (setting forth three-part analysis); *In re C.F.*, No. 15-0394, 2015 WL 4469163, at *1 (Iowa Ct. App. July 22, 2015) (affirming termination "due to continuing concerns about the mother's parenting skills, her failure to address her mental health issues, her missed visitations, and her lack of stable housing); *In re R.S.*, No. 14–2144, 2015 WL 808009, at *2 (Iowa Ct. App. Feb. 25, 2015) (affirming termination where mother missed "about half her scheduled visitations" and failed to address underlying issues); *In re C.M.*, No. 14–1140, 2015 WL 408187, at *4–5 (Iowa Ct. App. Jan. 28, 2015) (affirming termination of parental rights where the parents sought more time but evidence

established they were unlikely to resolve their substance abuse problems); *In re K.F.*, No. 14–0892, 2014 WL 4635463, at *4 (Iowa Ct. App. Sep. 17, 2014) ("What's past is prologue."); *In re H.L.*, No. 14–0708, 2014 WL 3513262, at *4 (Iowa Ct. App. Jul. 16, 2014) (affirming termination of parental rights where the parent had history of substance abuse). We have considered each of the mother's arguments, whether or not set forth in full herein. We affirm the order terminating the mother's parental rights in K.C. without further opinion. *See* Iowa Ct. R. 21.26(1)(a)-(e) (2015).

**AFFIRMED.**